Dear Mr. DeMarsh:
You ask substantially the following question:
May revenues collected pursuant to section 318.18(13), Florida Statutes, be used to fund renovations to the courthouse tower which is a structural component of the courthouse and a café located within the courthouse?
Section 318.18(13)(a), Florida Statutes, authorizes the board of county commissioners to:
"impose by ordinance a surcharge of up to $15 for any infraction or violation to fund state court facilities. The court shall not waive this surcharge. Up to 25 percent of the revenue from such surcharge may be used to support local law libraries provided that the county or unit of local government provides a level of service equal to that provided prior to July 1, 2004, which shall include the continuation of library facilities located in or near the county courthouse or annexes." (e.s.)
Counties are required to fund the cost of certain aspects of court-related functions, including the "cost of construction or lease, maintenance, utilities, and security of facilities for the circuit and county courts[.]"[1] Section 29.008(1)(a), Florida Statutes, defines "[f]acility" for purposes of this part, as:
"[R]easonable and necessary buildings and office space and appurtenant equipment and furnishings, structures, real estate, easements, and related interests in real estate, including, but not limited to, those for the purpose of housing legal materials for use by the general public and personnel, equipment, or functions of the circuit or county courts, public defenders' offices, state attorneys' offices, and court-related functions of the office of the clerks of the circuit and county courts and all storages. The term `facility' includes all wiring necessary for court reporting services. The term also includes access to parking for such facilities in connection with such court-related functions that may be available free or from a private provider or a local government for a fee. . . ." (e.s.)
Thus, a determination of whether the funds generated by section 318.18(13), Florida Statues, may be used for a particular purpose such as the renovation of a facility would depend upon whether such facility is a "reasonable" and "necessary" building, structure, or office space. The statute does not define "reasonable" and "necessary" for purposes of interpreting its terms. Absent a statutory definition, the plain and ordinary meaning of the terms should be used.[2] "Reasonable" is defined as "being in agreement with right thinking or right judgment: not conflicting with reason: not absurd: not ridiculous."[3]
"Necessary" means "of, relating to, or having the character of something that is logically required or logically inevitable or that cannot be denied without involving contradiction."[4]
You indicate that the tower is an integral part of the county courthouse structure. As an integral part of the courthouse's structure, the tower logically would be included in the renovation of the county courthouse as both reasonable and necessary.
While the café located within the courthouse may not have a direct relationship to the day-to-day operations of the county court system, it also may be an integral part of the structure of the courthouse. To determine that it is not a reasonable or necessary part of the county courthouse based upon the availability of other eating establishments within walking distance of the courthouse may not be dispositive. Whether a specific portion of the courthouse is a reasonable and necessary part of the building or structure is a factual determination which must be made by the county applying the criteria in section 29.008, Florida Statutes. This office, regrettably, may not make such a determination on behalf of the county.[5] In an instance where the county has made the decision to include a café in the courthouse for use by court personnel as well as the general public based upon its being a reasonable and necessary part of the courthouse, this office must presume the validity of that decision.[6]
Accordingly, it is my opinion that the tower of the Sarasota County Courthouse as an integral structural component of the courthouse facility may be renovated using funds derived from section 318.18(13), Florida Statutes. Moreover, where the county has made the decision to include a café in the county courthouse facility for use by court personnel and the general public, revenue collected pursuant to section 318.18(13), Florida Statutes, to fund court facilities may be used for the renovation of such space.
Sincerely,
Bill McCollum Attorney General
BM/tals
[1] Section 29.008(1), Fla. Stat.
[2] See, e.g., Sieniarecki v. State, 756 So. 2d 68 (Fla. 2000) (in absence of a statutory definition, words of common usage are construed in their plain and ordinary sense and, if necessary, the plain and ordinary meaning of the word can be ascertained by reference to a dictionary); Rollins v. Pizzarelli, 761 So. 2d 294 (Fla. 2000); In reMcCollam, 612 So. 2d 572 (Fla. 1993) (when language of statute is clear and unambiguous and conveys a clear meaning, statute must be given its plain and ordinary meaning); Frankenmuth Mutual Insurance Company v.Magaha, 769 So. 2d 1012 (Fla. 2000) (in ascertaining the plain and ordinary meaning of a term, a court may refer to a dictionary); Ops. Att'y Gen. Fla. 93-47 (1993) (in construing statute which is clear and unambiguous, the plain meaning of statute must first be considered) and 93-02 (1993) (since it is presumed that the Legislature knows the meaning of the words it uses and to convey its intent by the use of specific terms, courts must apply the plain meaning of those words if they are unambiguous).
[3] Webster's Third New International Dictionary (Unabridged 1981), p. 1892.
[4] Id. at 1510.
[5] See Op. Att'y Gen. Fla. 74-231 (1974)
[6] See Belk-James, Inc. v. Nuzum, 358 So. 2d 174 (Fla. 1978),Pickerill v. Schott, 55 So. 2d 716 (Fla. 1951) and State ex rel.Atlantic Coast Line Railroad Co. v. State Board of Equalizers,94 So. 681 (Fla. 1922).And see Department of Legal Affairs Statement of Policy Concerning Opinions.